## Spencer v. Forcht *et al.*

1. Under Comp. Laws, § 5103, providing that the judgment roll shall consist of the pleading, copy of the judgment, the offer of defendant, exceptions, and all papers involving the merits and necessarily affecting the judgment, where causes of action are consolidated by the court's order on agreement of the parties, such agreement and order, reciting that it was made on consent, need not be incorporated into a bill of exceptions, as such order is a part of the judgment roll, and as such is part of the record.

2. Where a bill of exceptions, as settled, shows that certain exhibits therein introduced by plaintiff were true copies of what they purported to be, plaintiff cannot complain of the court's refusal to allow an amendment stating defendant's offer to show that they were not true copies.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Hamlin county. HON. JULIAN BENNETT, Judge.

Action by S. F. Spencer against Albert Forcht and others. Original application by plaintiff to prove certain exceptions. Denied.

*John B. Hanten, Irvin H. Myers,* and *Ivan W. Goodner,* for plaintiff.

*Ezra Adams* and *W. S. Glass,* for defendants.

HANEY, J. The plaintiff, alleging that the judge before whom this action was tried refused to allow certain exceptions in accordance with the facts, applies by petition to this court to prove the same. A trial having resulted in a judgment in favor of defendants, plaintiff prepared and served his proposed statement or bill of exceptions. Defendants proposed certain amendments, which were allowed against the objections of the plaintiff, and this proceeding was instituted for the purpose of proving the exceptions as proposed by the plaintiff. Plaintiff's proposed bill contained the following matters, which were stricken out by the trial judge: "On June 6, 1899, an action was commenced in the circuit court, Third judicial circuit, in the county of Hamlin, wherein Albert Forcht, the above named defendant, was plaintiff, and S. F. Spencer, the above named plaintiff, was defendant, and with him Richard Ralph and Julia Ralph were made defendants. Service of the complaint and summons was made upon S. F. Spencer on June 6, 1899, but no service nor attempt at service was made upon the defendants, Julia Ralph and Richard Ralph, of the summons or complaint. The defendant Spencer appeared in said action and served his answer therein upon Forcht, the plaintiff, on July 5, 1899. On September 29, 1899, Forcht and Spencer entered into the following stipulation, in these words and figures, to-wit: 'State of South Dakota, Codington

county. In circuit court, Third judicial circuit. S. F. Spencer, plaintiff, v. Albert Forcht, *et al.,* defendants. It is hereby stipulated by and between the plaintiff and defendant, Forcht, that this action be removed into the county of Hamlin, to be tried at the October term, and that this action and the action of Forcht v. S. F. Spencer and Richard Ralph, et al., brought in the county of Hamlin may be consolidated and tried as one action. [Signed] Irvin H. Myers, Attorney for Spencer. Ezra Adams and W. S. Glass, Attorneys for defendant Albert Forcht.' On September 29, 1899, in accordance with the foregoing stipulation, the following order was made by the honorable judge of said court, in these words and figures to-wit: 'State of South Dakota, county of Codington: In circuit court, Third judicial circuit. S. F. Spencer, plaintiff, v. Albert Forcht, et al., defendants. Order. It appearing to the court that the above entitled action, and the action commenced in Hamlin county, in this circuit, between Albert Forcht, plaintiff, and S. F. Spencer and Richard Ralph and another, defendants, may be consolidated into one action, and the plaintiff and defendant, Forcht, by their respective attorneys, having stipulated that this action may be transferred to Hamlin county, and the two actions be consolidated and tried as one action, it is ordered that said actions be united and tried as one action, and that this action be transferred to the county of Hamlin, in this circuit; and the clerk of this court for Codington county is directed to immediately transfer all papers and files now or hereafter in this action to the clerk of the circuit court of Hamlin county, South Dakota. Done at Watertown, S. D., September 29, 1899. By the court: Julian BENNETT, Judge.' ''

A bill of exceptions should conform to the truth; it should contain no redundant or useless matter, and it should be as brief as possible. Comp. Laws, § § 5082, 5083.' The foregoing matters con-

form to the truth, but they need not be inserted in the bill, for the reason that the order consolidating this action and the one mentioned therein is a part of the judgment roll, and therefore a part of the record without being incorporated into a bill of exceptions. Id. § 5103. The order recites that it was made upon consent of parties. Every inference arising from the record as proposed by the plaintiff arises from the order itself. Nothing should be included in a bill of exceptions which by operation of law is already a matter of record. While we think the matters stricken from the bill, as proposed by the plaintiff, conformed to the truth, they should not be restored, because they are redundant and unnecessary. The effect of the order cansolidating this and the other action should not be considered before the action reaches this court upon appeal.

The proposed bill was further amended by adding thereto the following: "Defendant further offers to show by the witness P. G. Bush that the copies of Exhibits B and C are incomplete, and not true copies of what they purport to be, in that they do not show a $500 note that does show in the original, which said offer was denied. Exception taken by defendant." Exhibits B and C were introduced by the plaintiff, were received in evidence, and are incorporated into the bill of exceptions as settled by the trial judge. The ruling recited in the amendment was against the defendants. Plaintiff cannot predicate error upon a decision in his favor, nor can defendants contend there was error in this ruling without confessing that a new trial should be granted. The bill, as settled, shows that Exhibits B and C are complete and true copies of what they purport to be. Therefore the amendment cannot harm the plaintiff or be of any benefit to the defendants. As the matters mentioned therein are redundant and immaterial, it is unnecessary to

determine whether or not they conform to the truth.   Speaking accurately, this amendment should not have been allowed, but the departure of the trial judge from what we regard as the proper practice in such cases was so slight and its effect so clearly harmless we do not think plaintiff was justified in resorting to this court to correct the error.   It follows that the bill of exceptions must remain as settled by the judge below, and that defendants should have judgment for their disbursements in this court.